# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

MELINDA K. GABE,

        Plaintiff,

v.                                          CIVIL ACTION NO. 5:17-cv-04380

DOLGENCORP, LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff's Motion to Remand and for Costs and Fees* (Document 7) and the *Memorandum in Support* (Document 8), the *Defendants Dolgencorp, LLC's and Dollar General Corporation's Response in Opposition to Plaintiff's Motion to Remand* (Document 12), and the *Reply in Support of Plaintiff's Motion to Remand* (Document 13), as well as the *Amended Complaint* (Document 1-4) and *Notice of Removal* (Document 1). For the reasons stated herein, the Court finds that the motion should be granted in part and denied in part.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff, Melinda Gabe, originally filed her complaint in the Circuit Court of Pocahontas County, West Virginia, and venue was ultimately changed to the Circuit Court of Greenbrier County, West Virginia. Ms. Gabe named Dolgencorp LLC, Dollar General #915, Dollar General Distribution Center, Dollar General Corporation, and John Does and/or Jane Does as Defendants. The Defendants removed the case to this Court on November 11, 2017, citing diversity jurisdiction.

Ms. Gabe alleges that on or about July 9, 2015, she visited the Defendants' store located in Marlinton, West Virginia. While there, she purchased a bottle of nail polish remover that was supplied, manufactured, bottled, distributed, and eventually stocked by the Defendants. When Ms. Gabe later used the nail polish remover on her own fingernails, a reaction occurred that caused an injury to her hands. Ms. Gabe alleges that the Defendants failed to properly "inspect, operate, clean, maintain or warn of the hazards in the nail police remover," and that she would not have purchased the product had she known the bottle "contained harmful substances." (Compl., at ¶ 13-14.) Ms. Gabe's amended complaint alleges the following causes of action: strict product liability, negligence, violation of the West Virginia Consumer Credit and Protection Act (WVCCPA), intentional infliction of emotional distress, unfair and deceptive acts and practices, unjust enrichment, and negligent infliction of emotional distress.

The Plaintiff filed her motion to remand shortly after removal to this Court, asserting that the Defendant has failed to show that the amount in controversy exceeds $75,000. The Defendant has responded, and the motion is fully briefed and ripe for review.

**STANDARD OF REVIEW**

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has

---

[1] Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

It is a long settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

The Plaintiff argues that the Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that she should be awarded attorney fees. The Court will address each of these arguments.

### A. Amount in Controversy

The Plaintiff first argues that the Defendants have failed to demonstrate that the amount in controversy exceeds $75,000 such that this Court can exercise diversity jurisdiction. The Plaintiff asserts that the Defendant relies primarily on attorney's fees the Plaintiff may win under her WVCCPA claim should she be successful, and that these amounts are speculative. The Plaintiff further argues that the Defendants have provided no concrete evidence to show that, even by a preponderance of the evidence standard, the amount in controversy is more than $75,000. The Defendants counter that they have sufficiently satisfied their burden. According to the Defendants, attorneys' fees can be included in the amount-in-controversy calculation, and they assert that the attorneys' fees the Plaintiff claims she is entitled to alone amount to more than $75,000. They further contend that the Plaintiff alleges an entitlement to statutory damages pursuant to the WVCCPA, and that these damages together with punitive damages, damages sought for specific significant injury, medical treatment, future lost wages, and non-economic damages will "easily exceed $75,000 in damages." (Defs.' Resp. in Opp. at 11.) The Defendants also contend that the Plaintiff has failed to state that her case is worth $75,000 or less, and that they have "had to rely on the terms of the Amended Complaint" wherein "the Plaintiff has elected not to provide any support for current valuation of the damage claims." (*Id.*) The Defendants therefore claim that they have sufficiently shown that the amount in controversy exceeds $75,000.

The Court finds that the Defendants have not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. "To satisfy its burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000. Instead, a defendant seeking removal must 'supply evidence to support its claim regarding the amount at

4

issue in the case.'" *Cty. of Wyoming, W. Va. v. U.S. Bank Nat. Ass'n, N.A.*, No. 5:12-CV-01465, 2013 WL 622144, at *5 (S.D.W. Va. Feb. 19, 2013). Here, the Defendants have failed to meet this burden. First, the Defendants' notice of removal and response in opposition to the motion both rely on an estimated award of attorneys' fees. The Defendants rely on the Plaintiff's asserted right to attorney's fees under the WVCCPA, an estimation of what lawyers in West Virginia may charge in a contingency case, and even an estimation of how many hours the Plaintiff's attorney might work. "Attorney fees are available under the WVCCPA, and thus may be used to calculate the amount in controversy . . . if supported by actual evidence." *Stottlemire v. Caliber Home Loans, Inc.*, No. 1:16-CV-118, 2017 WL 282419, at *2 (N.D.W. Va. Jan. 20, 2017). However, the Defendants provide no actual evidence as to what these attorneys' fees might be outside of speculation regarding what Plaintiff's counsel might charge and how many hours he might work. Given this speculation and lack of actual evidence, the Court finds that attorney fees should not be considered in calculating the amount in controversy.

The Defendants also rely on statutory damages under the WVCCPA, actual damages based on the Plaintiff's claims of specific injuries and the Defendants' negligence, and punitive damages. Again, however, all these arguments are based on speculation with no support from actual evidence. Regarding statutory penalties, the Defendants claim the Plaintiff has asserted multiple WVCCPA violations that will amount in "several thousand dollars" of statutory penalties alone. (Defs.' Resp. in Opp. at 9.) However, a review of the amended complaint confirms that the number of WVCCPA violations alleged is not determinable. On its face, the amended complaint asserts that the Defendants violated the WVCCPA by "conceal[ing] hygiene issues . . . misrepresent[ing] the quality of the nail polish remover, and omit[ing] material facts . . . ."

5

(Amended Compl., at ¶ 31.) Assuming those three claims are the sum of the Plaintiff's WVCCPA causes of action, that would amount to roughly $3,000 based on the WVCCPA statutory penalties found in W.Va. Code § 46A-5-101. Thus, use of the statutory penalties available on the face of the Plaintiff's complaint does not exceed the $75,000 benchmark for diversity jurisdiction, and the Defendants present no concrete evidence outside of speculation or conjecture that the Plaintiff has further WVCCPA claims that would exceed $75,000.

Moreover, as to both actual and punitive damages, the Defendants again rely on mere conjecture in asserting what those amounts may be. The Defendants argue that the average cost of emergency room visits and the Plaintiff's alleged injuries amount to a damages award well above the $75,000 threshold without any actual evidence of what the Plaintiff's medical or emotional costs are. In fact, the Plaintiff asserts that her injuries amount to around $600 in medical bills. (*See*, Pl.'s Mem. in Supp. at 2, 5.) In arguing that punitive damages increase the cost above the $75,000 threshold, the Defendants rely on their assertions that Dolgencorp is "one of the top 20 retailers in the United States." (*Id.*) There is no tangible support, however, that proves by a preponderance of the evidence that potential punitive damages will amount to more than $75,000.

Regardless of whether the Plaintiff concedes or stipulates to an amount in controversy, or even drafts her complaint such that the amount in controversy is not readily attainable and makes removal to federal court more difficult, such actions "do[] not relieve the party seeking removal of its burden in proving jurisdiction." *Caufield v. EMC Mortg. Corp.*, 803 F. Supp. 2d 519, 527 (S.D.W. Va. 2011) (Goodwin, J.) (citing *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 739 (4th

Cir. 2009)). The Court finds that the Defendant has failed to provide such evidence and the Plaintiff's motion to remand should be granted.

### B. Attorney Fees

Secondly, the Plaintiff argues that she is entitled to her reasonable attorney fees for the motion to remand. She argues that there was no good faith bases for the Defendants' removal and that it was "wholly without legal or factual support." (Pl.'s Mem. in Supp. at 7.) Ms. Gabe asserts that the Defendants seemingly failed to perform any legal analysis whatsoever, and that their bad faith effort at removal should be discouraged by the awarding of attorney fees. The Defendants counter that its motion was not made in bad faith, that it relied on the Plaintiff's representations put forth in the amended complaint, and that attorney fees are therefore not appropriate.

According to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts *may* award attorney's fees under [Section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). However, an attorney's fees award is not automatic upon remand. The "may" language in both Section 1447 and in *Franklin* indicates that a district court has discretion in awarding legal fees in remand scenarios. The *Franklin* court explained that "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award

7

attorney fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under 1447(c)." *Id.*

After careful consideration of the briefs and of the Defendant's basis for removal, the Court cannot find that any objectively reasonable basis existed on which the Defendant's removal could rest. Although the Defendant relied on the Plaintiff's representations in good faith, nothing in the Plaintiff's filings suggest an amount in controversy satisfying the federal removal requirement. As previously stated, nothing about the Plaintiff's WVCCPA claims provides the Defendant with sufficient information to believe removal was reasonable or appropriate, as even the number of WVCCPA claims actually put forth by the Plaintiff is undeterminable on the face of the complaint. That the Defendant relied on mere speculation and conjecture throughout its motion suggests to the Court that there was no reasonable basis to remove this matter at the time the Defendant attempted to do so. Therefore, the Court finds the Plaintiff's request for attorney fees and costs should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion to Remand and for Costs and Fees* (Document 7) be **GRANTED** and that this matter be **REMANDED** to the Circuit Court of Greenbrier County, West Virginia, and **STRICKEN** from the docket of this Court. This Court will retain jurisdiction as to the amount of costs and fees **ONLY.**

While the Court has granted the Plaintiff's motion for attorney fees and costs, the Court observes that the Plaintiff has not included a calculation of said costs. Should the Plaintiff

8

continue to seek such an award, the Court **ORDERS** that she submit calculation of applicable costs and fees **no later than September 15, 2018**.

The Court **ORDERS** that all pending motions be **TERMINATED AS MOOT** and **DIRECTS** the Clerk to send a copy of this Order to the Clerk for the Circuit Court of Greenbrier County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER: September 4, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA