# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

MELINDA K. GABE,

        Plaintiff,

v.                            CIVIL ACTION NO. 5:17-cv-04380

DOLGENCORP, LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed *Plaintiff, Melinda K. Gabe's Motion for Attorneys' Fee and Applicable Costs with Calculation* (Document 32), the *Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Applicable Costs* (Document 33), the *Defendants' Response in Opposition to Plaintiff, Melinda K. Gabe's Motion for Attorneys' Fee and Applicable Costs with Calculation* (Document 37), and the Plaintiff's *Reply in Support of Calculation of Attorneys' Fees and Costs* (Document 38), as well as all attached exhibits.

### FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff filed suit against the Defendants in state court, alleging that she was injured by a bottle of fingernail polish remover produced, distributed, and sold by the Defendants. She alleges product liability, violation of the West Virginia Consumer Credit and Protection Act, intentional infliction of emotional distress, unfair and deceptive acts and practices, unjust enrichment, and negligent infliction of emotional distress. The Defendants removed this case to federal court on November 17, 2017, asserting diversity jurisdiction. On December 8, 2017, the

Plaintiff filed a motion to remand, challenging the lack of a factual basis to support the Defendants' allegation that the amount in controversy would meet or exceed $75,000.

The Court granted the Plaintiff's motion to remand in a *Memorandum Opinion and Order* (Document 29) entered on September 4, 2018, finding no non-speculative evidence to support an amount in controversy approaching the jurisdictional threshold. The Court further concluded that the Defendants did not have an objectively reasonable basis for removal and found that an award of costs and fees related to the improper removal was appropriate. The Court directed the Plaintiff to file a motion calculating the applicable costs and fees. The Plaintiff filed her motion on September 14, 2018. It is fully briefed and ripe for review.

## APPLICABLE LAW

When considering motions for attorneys' fees available by statute, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court's assessment of the requested award should exclude consideration of hours which were spent excessively, redundantly, or unnecessarily. *Id.* at 434. This starting calculation is referred to as the lodestar amount. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). To determine the reasonable hourly rate, "the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

The Fourth Circuit Court of Appeals has provided further guidance on the calculation of reasonable attorneys' fees and established twelve factors that a district court should consider when

calculating reasonable attorneys' fees. These factors are known as the *Johnson* factors and are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom*, 549 F.3d at 321 (recounting the Fourth Circuit's summary of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)). Upon completion of this lodestar calculation, a "court then should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom*, 549 F.3d at 321 (quoting *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir.2002)). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Johnson*, 278 F.3d at 337.

## DISCUSSION

The Plaintiff requests a lodestar amount of $7,747.50 and argues that an upward adjustment is appropriate due to the Defendants' baseless removal and refusal to agree to remand after receiving discovery showing that the amount in controversy would not meet the jurisdictional threshold. The lodestar request reflects an hourly rate of $425 for attorney Troy Giatras and an hourly rate of $300 for attorney Matthew Stonestreet, as well as costs of $570.00 for Westlaw research. Mr. Giatras submitted documentation for 5.1 hours, and Mr. Stonestreet documented 18.6 hours of work related to the jurisdictional issue, excluding time devoted to the fee request.

The Plaintiff indicates that Mr. Stonestreet spent an additional 5.5 hours preparing the fee memorandum and exhibits, and Mr. Giatras spent 2.5 hours, which would total $2712.50 if the Court grants fees for that work. The Plaintiff does not seek fees for work performed by paralegals and administrative staff. She submitted affidavits from Mr. Giatras and Mr. Stonestreet, as well as other attorneys, to support the position that their rates are reasonable, given their experience and skill, and that they expended a reasonable amount of time. The Plaintiff argues that the *Johnson* factors support their fee request, given the time expended needlessly due to the improper removal, the attorneys' skill, the opportunity cost of time unavailable to spend on other matters, the customary fee, the contingency basis of representation, the unnecessary delay in the litigation, the success of the remand motion, the attorneys' experience and reputation, the undesirability of the case, and the awards granted in similar cases.

The Defendants argue that the Plaintiff is not entitled to fees because the Plaintiff's amended complaint alleged seven causes of action, "significant injury and damages" and "severe emotional distress," and sought multiple specific types of damages. (Def.' Resp. at 2.) Therefore, the Defendants argue, it was a "reasonable and good faith interpretation" to believe the amount in controversy exceeded the jurisdictional threshold.[1] (*Id*. at 3.) The Defendants further assert that the requested hourly rates exceed the prevailing market rate and that the time entries are inaccurate and unsubstantiated. They argue that cases cited by the Plaintiff involving similar attorney rates involve more complex issues than removal and remand and suggest that the attorneys

---

1 The Court addressed the question of whether to award fees in the opinion granting the motion to remand and will not re-open that issue. As the Court has yet to review a complaint wherein a plaintiff alleges minor injuries, fully healed physical injury, or brief, mild emotional distress, the Court would simply urge Defense counsel to refrain from relying on boilerplate language alleging severe injuries, rather than specific factual allegations, to form the basis of an amount in controversy analysis.

4

who provided supportive affidavits are motivated, as members of the state plaintiffs' bar, to inflate the fees in fee-shifting cases. The Defendants submit an affidavit from a Charleston attorney asserting that a rate under $250 per hour is reasonable. The Defendants request hourly rates of $185 and $170, reflecting the rates charged by Defense counsel in this matter.

The Defendants specifically challenge an entry by Mr. Giatras for 0.1 hour spent reviewing "Dolgencorp Doc # 6," as Document 6 on CM/ECF is a change of attorney information form unrelated to removal and remand. They further challenge two entries by Mr. Stonestreet for communications with counsel, because the Defendants' counsel's records do not include corresponding entries reflecting communications with Mr. Stonestreet. Those entries total 0.80 hours. The Defendants urge a general downward adjustment to the fee request based on the *Johnson* factors. Finally, they argue that no fees related to the fee petition itself should be included in any fee award.

In reply, the Plaintiff notes that the Defendants assumed a $300 hourly rate for the Plaintiff's counsel in arguing that attorney fees would bring the amount in controversy above the jurisdictional threshold, yet now argue for an hourly rate under $200. The Plaintiff argues that the requested rates are reasonable and challenges the credibility of the attorney who submitted an affidavit in support of the Defendants' requested reduced rate. She further contends that the specific time entries challenged by the Defendants are accurate and any inconsistency could be the result of a problem with the Defendants' counsels' time-keeping, communications with support staff, or time spent composing an email that was sent later. Therefore, she reiterates that she should receive her full fee request.

The Court finds that the requested hourly rates are reasonable for attorneys of Mr. Giatras and Mr. Stonestreet's skill, experience, and reputation. They submitted supportive affidavits from other attorneys handling similar types of litigation within this market, and their requested rates are in line with hourly rates approved by this Court in recent cases. *See, e.g.*, *Jarrell v. Charleston Area Med. Ctr., Inc.*, No. 2:17-CV-01371, 2018 WL 4560206, at *3 (S.D.W. Va. Sept. 21, 2018) (Johnston, C.J.) (awarding fees of $350/hr in a Fair Labor Standards Act settlement); *Daugherty v. Ocwen Loan Servicing, LLC*, No. 5:14-CV-24506, 2016 WL 6680033, at *2 (S.D.W. Va. Oct. 12, 2016) (Berger, J.) (awarding rates of $300 and $400 per hour in a consumer protection case following a jury trial); *Johnson v. Ford Motor Co.*, No. 3:13-CV-06529, 2018 WL 1440833, at *5 (S.D.W. Va. Mar. 22, 2018) (Eifert, M.J.) (providing a review of recent fee awards in this district and concluding that prevailing rates for attorneys range from $150 to $550). Although the remand issue in this case was limited to evaluation of the amount in controversy, hardly a specialized or complex area of law, the Plaintiff reasonably chose her representation based on the nature and complexity of her underlying suit. Products liability and consumer protection are somewhat more specialized areas of the law, and the Court finds that the requested fees are within a reasonable range for attorneys with experience in those areas.

However, the Court finds that the hours recorded by the Plaintiff's attorneys are excessive in relation to the issues presented in the remand petition. As an initial matter, the Court finds that the time spent preparing the fee request may appropriately be included in a fee award. It is time that the attorneys would have been able to devote to other cases absent the Defendants' improper removal. This Court recently awarded fees related to the preparation of a petition for fees in a remand case. *See*, *Harms v. Ditech Fin. LLC*, No. 5:17-CV-03981, 2018 WL 3945616, at *3

(S.D.W. Va. Aug. 16, 2018) (Berger, J.). Because the Plaintiff's counsel did not include detailed records of the time devoted to preparation of the fee request in an affidavit, however, the Court will not include those hours in determining a lodestar figure.

The jurisdictional dispute centered only on the amount in controversy. The legal standards are long-established and well-defined, limiting the time and labor that may reasonably be expended litigating the issue. Attorneys with the experience level of Mr. Giatras and Mr. Stonestreet have surely addressed these issues previously. The Plaintiff was successful with respect to the jurisdictional question. Both the attorneys and the Plaintiff herself suffered unnecessary delays in the process of the litigation, drawing resources away from other, potentially remunerative work. The fee request (with the exception of the hours spent on the fee motion itself) meets the minimum requirements of "provid[ing] dates work was performed, a reasonable, specific description of the work, and time expended on the work." *Meadows v. AM & GH LLC*, No. 2:15-CV-13370, 2018 WL 3876587, at *4 (S.D.W. Va. Aug. 15, 2018) (Johnston, C.J.) (quoting from *Central Cab Co., Inc. v. Cline*, 972 F. Supp. 370, 374 (S.D. W. Va. 1997)) (internal punctuation omitted). The Supreme Court has advised that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When a prevailing party seeks fees, it "should exercise 'billing judgment' with respect to hours worked." *Id.* at 437.

After careful review of the attorney time sheets, the Court finds that the 0.10 hours claimed by Mr. Giatras for "Receipt and review of Dolgencorp Doc # 6" should be excluded, as Document 6 does not appear to be related to the jurisdictional dispute. With respect to the challenged fees

7

for attorney communication uncorroborated in the Defendants' counsel's records, the Court finds that the time should be considered, as it is not clear that there is a true inconsistency, given that Mr. Stonestreet could have spent the time drafting communications or communicating with individuals who do not record billable hours. To the extent there is inconsistency, the Court does not find that inconsistency sufficient to discount Plaintiff's counsel's clear records.

However, the Court further finds that the time expended by both Mr. Stonestreet and Mr. Giatras on researching and drafting the briefing is excessive. For example, Mr. Stonestreet spent a total of 8.8 hours on research related to jurisdiction and the standard for a fee request, in the course of drafting both the initial motion to remand and the reply brief. The Court finds 8.8 hours to be a greater amount of time than reasonable given the lack of complexity of the legal issues. The drafting time appears similarly excessive. Because the excess is distributed throughout the billing, rather than relating to specific excessive entries, the Court finds that a percentage reduction is appropriate. In addition, it is the Court's preference not to delve into the division of labor between Mr. Stonestreet and Mr. Giatras. Therefore, the Court will simply apply a 20% general reduction to the hours sought by both attorneys. That results in 4 hours for Mr. Giatras, for a lodestar figure of $1,700.00, and 14.88 hours for Mr. Stonestreet, for a lodestar figure of $4,464.00. The total lodestar fee calculation is $6,164.00. After application of the 20% reduction, the Court finds that the hours included in the fee award comport with both the Court's expectations based on the legal issues presented, and the Court's experience with similar fee requests. The Plaintiff additionally requests costs of $570 for Westlaw research, but presented only a firm-generated balance sheet without further explanation as to the calculation of those charges. Accordingly, the

Court excludes the request for costs, finding that it is not adequately supported by evidence in the record.

Finally, the Court does not find that either an upward or downward adjustment to the lodestar calculation is warranted. The Plaintiff argues for an upward adjustment based on the Defendants' litigation decisions that unnecessarily prolonged the jurisdictional dispute. As the Court previously concluded, the removal lacked an objectively reasonable basis—but that is a minimum requirement for imposing costs and fees, rather than a justification for an upward adjustment. The record does not support a conclusion that the Defendants caused additional delay or vexatiously increased the litigation beyond that necessarily caused by an improvident removal. The Plaintiff, meanwhile, achieved full success on the motion to remand at issue, and should receive compensation for the reasonable costs and fees expended in order to respond to the removal. Therefore, the Court will award fees of $6,164.00.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Plaintiff, Melinda K. Gabe's Motion for Attorneys' Fee and Applicable Costs with Calculation* (Document 32) be **GRANTED** and the Plaintiff be awarded **$6,164.00** in fees.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 14, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA